## FORTSON INVESTMENT CO. v. STATE.

No. 27222. June 15, 1937.

Rehearing Denied Sept. 21, 1937.

John A. Brett and Everest & Halley, for plaintiff in error.

Lewis R. Morris, County Attorney, and Edward Spiers, for defendant in error.

CORN, J. This is an appeal from the county court of Oklahoma county. The parties will be referred to in the same order as in the court below.

The cause arose upon the complaint of a tax ferret who informed the county treasurer of the alleged discovery of "notes, sales contracts on real estate, cash and chattels, not listed for taxation," and allegedly subject to taxation in Oklahoma county for the years 1931 to 1935, inclusive, under section 12369, O. S. 1931. Upon the information of the ferret the county treasurer gave notice to the defendant of hearing; upon hearing being had the defendant corporation was assessed $1,115.49 in ad valorem taxes for the five years involved, and from this assessment the defendant appealed to the county court.

Before attempting to deal with the issues involved, it may be well to discuss the manner in which the defendant carried on its business, in order to present the problem more clearly.

The defendant, first incorporated in Texas, but later in Oklahoma, bought a tract of land, subdivided it into lots, and sold these lots, upon a few of which they erected small homes, under long-term payment contracts. These contracts provided that when all payments were made, as per the terms of the contract, the purchaser was then to be given a warranty deed to such property. Until fully paid for, title to the property remained entirely in the vendor.

It is undisputed that all the assets of the company were invested in this real estate represented by the contracts of sale, and that the defendant had offered to pay the mortgage registration tax upon these instruments, but that the treasurer had refused to accept this tax.

The only question for us to determine is whether these contracts are taxable under an ad valorem tax.

In 1913, the State Legislature of Oklahoma passed an act "providing for exemption from ad valorem tax of mortgages on real estate and the indebtedness thereby secured, the payment of a registration tax when filing mortgages for record, and providing for a procedure for collecting such special tax for other purposes." The first three sections of this act are as follows:

"Section 1. The word 'real estate mortgage' as used in this article shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate. Any contract for the sale of real estate in which title is retained in the vendor for the purpose of enforcing payment of the balance due shall be deemed a mortgage upon real property. If an indebtedness is secured by both real and personal property, said mortgage shall be deemed to be a mortgage on real property for the purpose of this act. Any contract or agreement by which the indebtedness secured by any mortgage is increased or added to shall be deemed a mortgage of real property for the purposes of this article and shall be taxable as such upon the amount of such increase or addition.

"Section 2. All mortgages of real property situated within this state which are taxed by this article, and the debts and obligations which they secure, together with the paper writings evincing the same, shall be exempt from ad valorem and all other taxation by the state, counties, towns, cities, villages, school districts and other local subdivisions of the state, except this act shall not affect in any manner the collection of income tax payable in whole or in part from the interest received from such mortgage indebtedness. The exemption conferred by this exemption shall not be construed to impair or in any manner affect the purchaser of real estate which may be sold for nonpayment of taxes levied by any local authority.

"Section 3. No mortgage of real property situated within the state shall be exempt, and no person or corporation owning any debt or obligation secured by mortgage of real property situated within this state shall be exempt from the tax imposed by this article by reason of anything contained in any other statute, or by reason of nonresidence within this state, or for any other cause."

This act was first construed by the Supreme Court of this state in Trustees', Executors' & Securities Ins. Corp. v. Hooten, 53 Okla. 530, 157 P. 293, when this court held:

"The act of July 12, 1913 (chapter 246, Sess. Laws 1913, p. 684), as amended March 11, 1915 (chap. 105, Sess. Laws 1915, p. 167), levies a registration tax upon the privilege of recording the instruments therein specified, and is constitutional and valid.

"(a) Said act does not contravene sec-

tion 8, art. 10, Williams' Annotated Constitution, requiring that all property which may be taxed ad valorem shall be assessed for taxation at its fair cash value.

"(b) Nor does said act violate section 5, art. 10, Williams' Annotated Constitution, which requires that taxes shall be uniform upon the same class of subjects.

"(c) Section 20, art. 10, Williams' Annotated Constitution, providing that the Legislature shall not impose taxes for the purposes of any county, city, town, or other municipal corporation, etc., does not apply to the tax imposed by this act."

Reference to the form of these sales contracts reveals that, although the real estate described in each contract was sold, title to the property was retained by the vendor until full payment was made. This clearly shows that these contracts of sale were of such nature as to fall directly within the sections of the act quoted above.

Inasmuch as the contracts for the sale of these lots were in the nature of a mortgage, and since by statute such instruments are specially taxed and are not to be subjected to the usual ad valorem tax, the trial court was incorrect in holding that these contracts of sale were subject to an ad valorem tax.

For the reasons stated, the judgment of the trial court is reversed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, GIBSON, and HURST, JJ., concur. BUSBY and PHELPS, JJ., absent.